**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MELVIN ALEXANDER PAYTON, | § | |
| (TDCJ-CID #227125) | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-05-0993 |
| | § | |
| RISSIE OWENS, *et al.,* | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Melvin Alexander Payton, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, sued in March 2005, alleging civil rights violations resulting from a denial of parole. Payton's motion to proceed as a pauper, (Docket Entry No. 2), is GRANTED. Payton, proceeding *pro se*, sues Rissie Owens, Chairwoman of the Texas Board of Pardons and Paroles ("Board"); and three Board members, Linda Garcia, Lynn Ruzicka, and Charles Speier.

The threshold issue is whether Payton's claims can proceed.

**I.      Plaintiff's Allegations**

Payton complains that he has a liberty interest in his release to parole under Texas law and that the defendants refused to release him on parole in 1999, 2002, 2003, and 2004. Payton complains that the parole release hearing was defective because he was not allowed to review his parole file, and that the file contains false information. Payton asserts that the

Board has little incentive to release inmates on parole because the members have close connections to people employed by the Texas Department of Criminal Justice - Correctional Institutions Division.

Payton seeks declaratory, injunctive, and monetary relief. Payton also seeks class certification.

## II.     The Standard of Review

Under 28 U.S.C. § 1915A, federal courts are to review, as soon as practicable, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity. The court is to dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A governs this suit.

A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

**III.     Analysis**

To the extent Payton seeks damages from Board members in their official capacities, those claims are barred by the Eleventh Amendment. The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. "Although by its terms the Amendment applies only to suits against a State by citizens of another State, . . . the Amendment's applicability [has been extended] to suits by citizens against their own States." *Bd. of Trustees of the Univ. of Ala. v. Garrett,* 531 U.S. 356 (2001).

Payton's claim against the Board as a defendant also fails. The Board is an instrumentality of the State and is immune from suit under the Eleventh Amendment. *Harris v. Angelina County*, 31 F.3d 331, 338 (5th Cir. 1994) (citing *Ruiz v. Estelle*, 679 F.2d 1115, 1136-37 & n.75 (5th Cir. 1982). *Loya v. Texas Dep't of Corrections,* 878 F.2d 860, 861 (5th Cir. 1989).

Payton's claims against the chairwoman of the Texas Board of Pardons and Paroles are barred by absolute immunity. The Fifth Circuit has held that parole board members are absolutely immune from liability for damages for adjudicative, decision-making functions. *Hulsey v. Owens*, 63 F.3d at 356; *cf. Walter v. Torres*, 917 F.2d 1379, 1383 (5th Cir. 1990). Payton alleges that Rissie Owens, the Chairwoman of the Board, is liable for her refusal to release him to parole. Defendant Owens is entitled to absolute immunity for such a decision. *See Hulsey v. Owens*, 63 F.3d at 357 (claim that parole revocation was based on a charge that

was later dropped is a challenge to a "decision that involved an exercise of discretion in determining whether parole revocation was appropriate in this particular instance"). Payton's claims against Owens are dismissed. Payton's claims against individual Board members based on their denial of his parole based on absolute immunity. Payton's claim that he has a liberty interest in release on parole is without merit. The Supreme Court has held that the extent of a prisoner's liberty interest in parole release is defined by state statute. *Board of Pardons v. Allen*, 482 U.S. 369, 371 (1987). When a state statute only holds out the possibility of parole, it provides "no more than a mere hope that the benefit will be obtained . . . a hope which is not protected by due process." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 11 (1979). The Texas statute creates a possibility of parole, inadequate to create a liberty interest. *Gilbertson v. Texas Bd. Of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993).

The law is clear that Payton had no constitutional right to parole. *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995); *Creel v. Keens*, 928 F.2d 707 (5th Cir. 1991); *Madison*, 104 F.3d at 768 (citing TEX. CODE CRIM. P. ANN. art. 42.18 § 8(a)). The Fifth Circuit has repeatedly rejected efforts by Texas prisoners to assert a constitutionally-protected interest arising out of state parole statutes. *Id*.

Liberally construed, Payton complains that the parole board improperly considered the nature of his underlying offense in reviewing his eligibility for release onto parole. This claim provides no basis for relief. The decision to release a prisoner on parole rests on a myriad of considerations. *Sandin v. Conner*, 515 U.S. 472, 487 (1995). A prisoner's

criminal history is a valid basis for denying or delaying release onto parole. The Board may consider whether release will increase the likelihood of harm to the public, according to objective parole criteria as determined by a parole panel. TEX. GOV'T CODE § 799.027. In the absence of a cognizable constitutional violation, the interpretation and implementation of the Texas parole statute is a matter for the appropriate state agencies. *Johnson v. Rodriguez,* 110 F.3d 299, 305 n.9 (5th Cir.), *cert. denied,* 522 U.S. 995 (1997). "It follows that because [the prisoner] has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995) (quoting *Orellana*, 65 F.3d at 32); *Luken v. Scott*, 71 F.3d 192, 194 (5th Cir. 1995).

Payton's claims that the denial of parole violated his constitutional rights are dismissed. 28 U.S.C. § 1915A(b)(1).

**IV.     Conclusion**

Payton's motion to proceed as a pauper, (Docket Entry No. 2), is GRANTED. The action filed by Melvin Alexander Payton (TDCJ-CID Inmate #227125) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915A(b)(1). All remaining pending motions are DENIED as moot.

The TDCJ-CID must continue to deduct twenty percent of each deposit made to Payton's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $250.00 is paid in full.

5

The Clerk is directed to provide a copy to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and Clerk of Court, United States District Court for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, attention: Betty Parker.

SIGNED on April 29, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge